IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND | * | |
| Plaintiff, | * | |
| v. | * | Case No.: TDC-17-574 |
| POWERSOURCE TELECOM, INC. | * | |
| Defendant. | * | |

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Renewed Motion for Default Judgment (the "Motion") filed by the Trustees of the National Electrical Benefit Fund ("Plaintiff" or "NEBF"). ECF No. 14. Plaintiff is the trustee of a multiemployer employee pension benefit plan, as defined by Section 3(2) of the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. § 1002(2); ECF No. 1, p. 2. On February 28, 2017, Plaintiff brought this action against Powersource Telecom, Inc. ("Defendant") under Sections 502 and 515 of ERISA and Section 301 of the Taft-Hartley Act. ECF No. 1, p. 1–2; 29 U.S.C. § 185; 29 U.S.C. § 1132; 29 U.S.C. § 1145. Plaintiff alleges that Defendant breached the Collective Bargaining Agreements ("the Agreements") between Defendant and International Brotherhood of Electrical Workers Local Union 1547 by failing to submit contributions to Plaintiff on behalf of the employees covered by the Agreements. ECF No. 1, p. 3. Defendant's time to file an Answer expired on March 24, 2017. ECF No. 10, p. 1. The Clerk of the Court entered default against Defendant on

1

March 28, 2017. ECF No. 10, p. 1. Pursuant to 28 U.S.C. Section 636 and Local Rules 301 and 302, the Honorable Theodore D. Chuang referred this matter to the undersigned for the making of a Report and Recommendation ("R&R") concerning Plaintiff's initial motion for default judgment and/or damages. ECF No. 10. On August 31, 2017, I recommended that Plaintiff's motion be denied without prejudice, while indicating that should Plaintiff appropriately cure the deficiencies in the record that Plaintiff's motion should be granted. ECF No. 12, p. 5. On October 26, 2017, Judge Chuang adopted the R&R. Plaintiff's Motion now requests a review of the updated record. For the reasons stated herein, I recommend that the Court GRANT the Motion.

## I. Factual and Procedural Background

Plaintiff is a multiemployer employee pension benefit plan, as defined by Section 3(2) of ERISA, established by an agreement between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). 29 U.S.C. § 1002(3); ECF No. 1, p. 2. Employers participate in the NEBF pursuant to the Agreements with either the IBEW or its local unions. EFC No. 1, p. 2. Plaintiff is authorized by the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "Trust Agreement") to "take all necessary actions to recover delinquent contributions," including recovering interest, liquidated damages, audit fees, and all costs and attorneys' fees relating to the delinquent contribution(s). *Id.* at 3.

Defendant is a signatory to the Agreements with IBEW Local Union 1547, which serves as the collective bargaining representative of Defendant's employees. Pursuant to the Agreements, Defendant is required to submit contributions on behalf of all covered employees.

*Id*. at 2–3.  As of February 28, 2017, Defendant has allegedly failed to make payments totaling $5,404.90 to the NEBF for the period of December 2014 through April 2016.  *Id.* at 3.

## II. Standard of Review

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments.  Rule 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  If, after entry of default, the plaintiff's complaint does not specify a "sum certain" amount of damages, the Court may enter a default judgment against the defendant pursuant to Rule 55(b)(2).  When considering a motion for default judgment, the Court accepts as true all well-pleaded factual allegations in the complaint as to liability.  *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted).  However, the Court must "make an independent determination of the sum to be awarded" because "[a] default does not [automatically] establish liability."  10A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2688, n. 6 (4th ed. 2001); *see also Ryan*, 253 F.3d at 780–81 (holding that acceptance of facts pled by the non-defaulting party "does not necessarily entitle the [party] to the relief sought").

The Fourth Circuit has a "strong policy that cases be decided on the merits."  *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993).  However, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party."  *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the plaintiff establishes liability, the Court then turns to the determination of damages.  Fed. Prac. & Proc. Civ. § 2688, n. 6 (4th ed.).  In determining damages, the Court cannot accept Plaintiff's factual allegations as true and must make an independent determination.  *See Lawbaugh*, 359 F. Supp. 2d at 422.  Rule 54(c) of the Federal Rules of Civil Procedure limits the

3

type and amount of damages that may be entered as a result of a party's default, stating that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). While the Court may conduct an evidentiary hearing to determine damages, it is not required to do so. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (citing *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" when determining damages associated with default judgment because plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages it sought)); *DirecTV, Inc. v. Yancey*, No. Civ. A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits" and therefore no evidentiary hearing was necessary). The Court may rely instead on affidavits or documentary evidence of record to determine the appropriate sum. *See, e.g., Monge*, 751 F. Supp. 2d at 795 (citing cases in which damages were awarded after a default judgment and without a hearing, based on affidavits, printouts, invoices, or other documentary evidence).

### III. Discussion

Plaintiff served its Complaint on Defendant on March 3, 2017, yet Defendant has failed to plead or otherwise assert a defense. ECF No. 10, p. 1. Therefore, the Court deems all of Plaintiff's factual allegations in the Complaint not pertaining to damages admitted. *See* Fed. R. Civ. P. 8(b)(6); *Ryan* 253 F.3d at 780. Plaintiff's Motion was filed on April 6, 2017, and Defendant has still not responded. It is within the Court's discretion to grant default judgment when a defendant is unresponsive. *See* Fed. R. Civ. P. 55(a)–(b); *see also Disney Enterprises, Inc. v. Delane*, 446 F. Supp. 2d 402, 405–06 (D. Md. 2006) (holding that entry of default

judgment was proper because the defendant has been properly served with the complaint and did not respond, even after the plaintiffs tried repeatedly to contact him); *Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (concluding that default judgment was appropriate because the defendant was "unresponsive for more than a year" after denial of his motion to dismiss, despite being served with the plaintiff's motions for entry of default and default judgment).

For the reasons stated in this Court's Report and Recommendation (ECF No. 12), incorporated herein, it is my recommendation that Plaintiff be granted default judgment. In reviewing Plaintiff's Motion, Plaintiff has cured the deficiencies presented in the record, providing not only a signed copy of a Letter of Assent with Defendant's signature affirming compliance with the the "Inside labor agreement" (ECF No. 15-1), but also the complete copy of the Labor Agreement (ECF No. 15-2) and copies of letters Plaintiff sent to Defendant indicating delinquency (ECF No. 15-4). In determining damages, I find that no evidentiary hearing is necessary and instead reliance is appropriate on the declarations and other evidence of record, such as a delinquency report and the itemization of legal fees and costs, to determine the appropriate sum. Despite specific instructions in this Court's R&R, Plaintiff failed to provide any document supporting the $20.00 returned check fee incurred by Plaintiff. As such, I recommend that Plaintiff be granted an adjusted award of $8,968.42.

## IV. Conclusion

Based on the foregoing, it is my recommendation that the Court GRANT Plaintiff's Motion for Default Judgment against Defendant. I recommend that the Court grant Plaintiff's Motion and enter judgment against Defendant in the total amount of $8,968.42.

February 5, 2018                                              /s/
                                                       Charles B. Day
                                                       United States Magistrate Judge

CBD/gbc